UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

J. STEPHEN B.                              :
                                           :
v.                                         :        C.A. No. 21-00305-WES
                                           :
KILOLO KIJAKAZI, Commissioner              :
Social Security Administration             :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g).  Plaintiff filed his Complaint on July 23, 2021 seeking to reverse the Decision of the Commissioner.  On February 3, 2022, Plaintiff filed a Motion to Reverse the Decision of the Commissioner.  (ECF No. 10).  On March 16, 2022, Defendant filed a Motion for an Order Affirming the Decision of the Commissioner.  (ECF No. 12).  No Reply Brief was filed.

This matter has been referred to me for preliminary review, findings, and recommended disposition.  28 U.S.C. § 636(b)(1)(B); LR Cv 72.  Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (ECF No. 10) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 12) be GRANTED.

## I.      PROCEDURAL HISTORY

Plaintiff filed an application for DIB on February 7, 2018 claiming disability since April 1, 2016. (Tr. 310-311).  His date last insured for DIB is September 30, 2022.  (Tr. 31).  The application was denied initially on March 12, 2018 (Tr. 134-143) and on reconsideration on August 28, 2018.  (Tr. 145-156).

Plaintiff requested an Administrative Hearing.  On February 27, 2019, a hearing was held before Administrative Law Judge Paul Goodale (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified.  (Tr. 91-133).  The ALJ issued a fully favorable decision to Plaintiff on April 26, 2019.  (Tr. 158-168).  On April 6, 2020, the Appeals Council reviewed the disposition of that decision and remanded the case for further proceedings.  (Tr. 169-176).  A subsequent hearing was held before the ALJ on July 20, 2020.  (Tr. 50-90).  The ALJ then issued a partially favorable decision to Plaintiff on September 11, 2020.  (Tr. 23-42).  On May 20, 2021, the Appeals Council denied Plaintiff's request for review of that decision.  (Tr. 1-4).  A timely appeal was then filed with this Court.

## II.       THE PARTIES' POSITIONS

Plaintiff contends that the ALJ did not properly consider the consistency and supportability of the opinions of his treating physicians.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's medical improvement and RFC findings are supported by substantial evidence, and thus must be affirmed.

## III.      THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the

decision.  Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences.  Seavey, 276 F.3d at 8.  To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim.  Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision.  Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council).  After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id.  The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

## A.    Opinion Evidence

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence.  The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone.  See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R.

§ 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers). 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors. Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency (how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements). Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency. Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors. Id. §§ 404.1520c(b)(2), 416.920c(b)(2). Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors. Id. §§ 404.1520c(b)(3), 416.920c(b)(3). In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis." Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

-5-

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social welfare agency personnel. Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d). And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists. Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments. Id. Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner. Id. §§ 404.1520b(c), 416.920b(c).

**B.     Developing the Record**

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record

rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.    The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process.  42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

### E.   Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly

limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1. Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36.  Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. SSR 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3).  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)  The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2)  Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3)  Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4)  Treatment, other than medication, for relief of pain;
>
> (5)  Functional restrictions; and

(6)     The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1ˢᵗ Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).  However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms."  SSR 16-3p, 2017 WL 4790249, at *49465.

## 2.     Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1ˢᵗ Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11ᵗʰ Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11ᵗʰ Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11ᵗʰ Cir. 1983)).  Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017).  It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the

intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings.  SSR 16-3p, 2017 WL 4790249, at *49465.

V.   **APPLICATION AND ANALYSIS**

A.   **The ALJ's Decision**

On remand from the Appeals Council, **t**he ALJ found that Plaintiff was disabled from April 1, 2016 through November 21, 2017.  However, he further found that, as of November 22, 2017, Plaintiff was not disabled due to a medical improvement.  In particular, the ALJ found that Plaintiff's functional capacity for basic work activities had increased and allowed him to perform certain light and sedentary unskilled jobs available in the economy.

B.   **Plaintiff Has Shown No Prejudicial Error in the ALJ's RFC Finding or His Evaluation of the Medical Opinions**

"In a 'closed period' case [like this one], the [ALJ] determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision." Shepherd v. Apfel, 184 F.3d 1196, 1199 n.2 (10th Cir. 1999) (citation omitted).  The medical improvement standard applies to such cases.  Id. at 1200.  "Medical improvement is any decrease in the medical severity of your impairment(s)…based on improvement in the symptoms, signs, and/or laboratory findings associated with your impairment(s)."  20 C.F.R. § 404.1594(b)(1).  If there is medical improvement, the ALJ determines whether it relates to the claimant's ability to work.  Id. at § 404.1594(a); see also § 404.1594(b)(3).  And if it does, the ALJ then determines if the claimant can engage in substantial gainful activity and is no longer disabled.  Id.

Here, the ALJ found medical improvement as of November 22, 2017 resulting in an increased RFC which no longer precluded Plaintiff from performing certain light and sedentary work.  (Tr. 37-38). Plaintiff had three main medical problems during the relevant time: a back impairment, a neck impairment (with radiating pain into the left arm) and a right foot impairment.

Plaintiff had two back surgeries prior to the November 2017 medical improvement date.  (Tr. 518-523, 739-741).  After the most recent surgery, he reported "significant improvement" in July 2017 (Tr. 514), "feeling ok" with improved radicular pain in November 2017 (Tr. 512) and "doing excellent" and "able to return to the activities that he enjoys" in November 2018.  (Tr. 857).  The ALJ reasonably relied upon this evidence and observed that Plaintiff even reported doing yard work in August 2019.  (Tr. 38-39; Tr. 955).

As to the neck and left arm issues, Plaintiff complained of this in February 2019.  (Tr. 961).  After seeing his orthopedist for radicular pain in the left arm (Tr. 988, 984), Plaintiff had surgery in May 2019.  (Tr. 979-982).  The record reflects that surgery was successful.  Plaintiff reported "improvement" in his radicular symptoms in August and November 2019 (though he still had some neck pain that he treated with medications).  (Tr. 1002-1003, 1204).  In January 2020, he was "doing very well" (Tr. 1203) with "essentially resolved" radicular symptoms.  (Tr. 1204).  And in June 2020, he had only "mild ongoing chronic neck pain."  (Tr. 1199-1200).  Based on this evidence, the ALJ reasonably found that "the claimant's cervical condition was largely improved and resolved within the requisite 12-month period and is not severe."  (Tr. 32, 39-40).  See also 20 C.F.R. § 404.1509 (impairment must remain disabling for at least twelve consecutive months).

As to the right foot, Plaintiff's first appointment with his podiatrist after the medical improvement date was in December 2018.  (Tr. 812-813).  He had right foot surgery in January 2019.  (Tr. 814-815).  However, due to treatment noncompliance (failing to wear a boot/cast during the recovery period) (see Tr. 945; see also Tr. 948-949), Plaintiff needed a second surgery in September 2019.  (Tr. 1151-1152).  By November 2019, his foot pain was "gone" and he felt "good."  (Tr. 1228; see also Tr.1240 ("able to walk, there is no limp [or] pain")).  In June 2020, Plaintiff's podiatrist opined that Plaintiff had no limitations based on his foot.  (Tr. 1298-1301).  The ALJ reasonably considered and relied upon this evidence.  (Tr. 39-40).

To establish Plaintiff's RFC, the ALJ reasonably relied on the totality of the record including: (1) Plaintiff's documented daily activities (Tr. 38) including self-care, preparing light meals, light housework, shopping with assistance, driving, and yardwork; and (2) the "persuasive" findings of the reviewing state agency physicians.  (Tr. 41).

Plaintiff argues that this case should be remanded because the ALJ improperly discounted the opinions of his treating doctors and instead improperly relied on the state agency physicians' findings. Plaintiff's argument is unconvincing on this record and improperly asks this Court to reweigh conflicting record evidence.

An ALJ can rely on the findings of state agency physicians that are based on an incomplete record if the newer evidence does not show any material change in the claimant's condition.  See McNelley v. Colvin, No. 15-1871, 2016 WL 2941714 at *2 (1ˢᵗ Cir. Apr. 28, 2018).  Here, Plaintiff accurately points out that the state agency physicians did not review the records related to his neck and foot surgeries, but the ALJ reasonably found that those impairments did not significantly affect Plaintiff for twelve months. See 20 C.F.R. § 404.1509 (impairment severity must last at least twelve continuous months).

As noted above, Plaintiff first complained of neck/left shoulder pain in February 2019.  (Tr. 961). But less than a year later and following a successful surgery (Tr. 979-982), Plaintiff was "doing very well" (Tr. 1203) with "essentially resolved" radicular symptoms.  (Tr. 1204).  Although he still had some neck pain (id.), this was later described as "mild."  (Tr. 1199).  Regarding the right foot pain, Plaintiff's complaints started in December 2018 (Tr. 812-813) and less than a year later, by November 2019, the pain was "gone" and he felt "good."  (Tr. 1228; see also Tr. 1240 ("able to walk, there is no limp [or] pain")).  Thus, the ALJ reasonably concluded that the records related to Plaintiff's neck and foot surgeries did not establish a material deterioration in his medical condition and were temporary issues that did not significantly affect Plaintiff for twelve continuous months as required.

In any case, even assuming Plaintiff's neck/shoulder and foot impairments somewhat undermined the state agency physicians' findings, the ALJ reasonably accounted for these issues by finding a more limited RFC that included restrictions to standing/walking only two hours (rather than the six hours the state agency physicians found) and only frequently reaching with the left arm (rather than unlimited reaching).  (Compare Tr. 139-141, 151-153 with Tr. 37-38).  Here, the ALJ's RFC finding is fully supported by evidence showing that Plaintiff had only "mild" neck pain (Tr. 1199) with no radicular symptoms (Tr. 1204) and no pain in the right foot.  (Tr. 1228; see also Tr. 1240 (able to walk, there is no limp [or] pain")).  Even putting aside the duration issue, the ALJ's RFC limitations to two hours standing/walking and frequent reaching with the left arm (Tr. 37-38) reasonably account for any limitations related to Plaintiff's neck/shoulder and right foot impairments.

Plaintiff's primary argument is that the ALJ improperly evaluated treating medical opinions supporting his disability claim (Dr. Palumbo's, Dr. Coppolelli's and Dr. Kleinhenz's).  (Tr. 40).  This case falls under the new medical opinion regulations that state that ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)…including those from [the claimant's] medical sources."  20 C.F.R. § 416.920c(a).  "Supportability…and consistency" are now the most important factors.  20 C.F.R. § 404.1520c(a).

Here, the ALJ reasonably found that the disability opinions of Dr. Palumbo, Dr. Kleinhenz and Dr. Coppolelli were unsupported and inconsistent with the evidence.  (Tr. 40).  With respect to Dr. Palumbo and Dr. Kleinhenz, the ALJ's finding was based on the evidence previously discussed regarding the history of Plaintiff's back and neck/shoulder impairments.  With respect to Dr. Coppolelli, the ALJ accurately observed that his first opinion (the July 2019 opinion that found disabling limitations) was issued while Plaintiff was still recovering and noncompliant with treatment (Tr. 40; Tr. 941-944) but then – after another surgery – Dr. Coppolelli issued his more recent opinion that found no limitations based on Plaintiff's foot impairment.  (Tr. 40; Tr. 1298-1301).

Plaintiff's conclusory argument that "the records support" the opinions of Dr. Palumbo, Dr. Kleinhenz and Dr. Coppolelli misses the mark.  Even if Plaintiff is correct and there is evidence in the record supporting those opinions, this "[would] not extinguish the substantial evidence supporting the ALJ's findings" about them.  Greene v. Astrue, No. 11-30084, 2012 WL 1248977, *3 (D. Mass. April 12, 2012).  In other words, since the record also supports the ALJ's RFC assessment and reliance on the state agency physician opinions, the substantial evidence standard prevents this Court from second-guessing and overturning the ALJ's supported findings.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF No. 10) be DENIED and that the Commissioner's Motion for an Order Affirming (ECF No. 12) be GRANTED. I further recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 19, 2022